# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARTER, | 1:08-cv-01103-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| DAN SEDLEY, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(a), Petitioner consented to United States Magistrate Judge jurisdiction on August 8, 2008. (Court Doc. 6.)

Petitioner filed the instant petition for writ of habeas corpus on July 17, 2008, in the United States District Court for the Central District of California. (Court Doc. 1.) On July 23, 2008, the Central District transferred the petition to this Court. (Court Doc. 3.)

In the instant petition, Petitioner clarifies that he does not challenge the Board of Parole Hearings' November 1, 2006, decision to deny him parole. Rather, Petitioner contends that due to the Board's decision, his prison term now exceeds his earned release date, based on his earned and accrued credit and actual time served, and the 29-year base mid-term calculation for first degree murders. To this end, Petitioner contends that he was "effectively" denied his due process rights to receive his post-conviction custody credits, and a parole release date should be set.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241

1

of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

In the instant case, Petitioner fails to state a cognizable federal claim. Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Rather, he argues the parole board is not complying with a state statute. Although Petitioner labels his claim as a due process violation, it only involves the application of state law, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989) (Federal courts are bound by state court rulings on questions of state law.).

In addition, Petitioner's claim fails as a matter of law and is clearly without merit. As

stated by the California Superior Court for the County of Santa Barbara,

> Regardless of the length of time served, *if* the Board decides a prisoner is presently too dangerous to grant a fixed parole release date, the Board may deny parole without deciding when the inmate will be released, and *without* considering how the prisoner's actual period of confinement may compare with those served by others who committed similar crimes. (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1080.) Petitioner does not challenge the Board's decision that he is presently too dangerous to be released. *Dannenberg* therefore forecloses the claims advanced here.
> Petitioner's argument also reflects a misunderstanding of parole release procedures. Postconviction custody credits are not relevant in reducing an indeterminate term of confinement until petitioner is found suitable for release. (*In re Jackson* (1985) 39 Cal.3d 464, 474, fn. 10.) Once this determination is made, the Board will award postconviction custody credits based on information gathered by the documentation hearings during petitioner's incarceration. (*Ibid.*; Cal.Code Regs., tit. 15, § 2410, 2269.1, 2369.) As the Board has not found petitioner suitable for release, it has not yet awarded petitioner postconviction custody credits. Petitioner's credit calculations, as detailed in the petition, are entirely speculative. No due process violation has occurred.

(Petition, Attachment, at p. 65-66 (emphasis in original).)

California regulations indicate that the matrix is invoked only after a life inmate is "found suitable for parole." Cal. Code Regs. tit. 15, §§ 2402(a), 2403(a). Specifically, section 2402(a) states:

> The panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.

Furthermore, section 2403(a), states:

> The panel shall set a base term for each life prisoner who is found suitable for parole. The base term shall be established solely on the gravity of the base crime, taking into account all of the circumstances of that crime. . . . The base term shall be established by utilizing the appropriate matrix of base terms provided in this section. The panel shall determine the category most closely related to the circumstances of the crime. The panel shall impose the middle base term reflected in the matrix unless the panel finds circumstances in aggravation or mitigation.

Contrary to Petitioner's assertion, in addition to the regulations cited above, the California statutes do not require the parole board to set a parole date after Petitioner has served his maximum matrix for his offense. Rather, the statutes provide for the minimum term that must be served before parole may be granted. See Cal. Penal Code §§ 3041, 3046.

Based on the foregoing, it is HEREBY ORDERED that the instant

1  petition for writ of habeas corpus is DISMISSED, without leave to amend, for failure to state a
2  cognizable federal claim, and the Clerk of Court shall enter judgment.

4  IT IS SO ORDERED.

5  **Dated:    August 12, 2008**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE